**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARVIN LOUIS LOWERY JR., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES et al., <br><br> Defendants. | Case No. CV 18-9644-R (JPR) <br><br> ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

On November 15, 2018, Plaintiff filed pro se what the Court construed as a civil-rights action under 42 U.S.C. § 1983. He was subsequently granted leave to proceed in forma pauperis. On December 19, 2018, the Court dismissed the Complaint under 28 U.S.C. § 1915(e) with leave to amend, advising Plaintiff of the availability of help from one of the federal "pro se" clinics in this District. On January 14, 2019, he filed a First Amended Complaint. His claims arise from a warrantless misdemeanor arrest at the Westwood branch of the Los Angeles Public Library on June 21, 2018.

After screening the FAC under § 1915(e)(2), the Court finds

that its allegations still fail to state a claim upon which relief might be granted. Although it does not appear that Plaintiff can state an actionable claim under § 1983, in light of his pro se status the Court dismisses the FAC with leave to amend to afford him one last opportunity to remedy its deficiencies. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless it is absolutely clear that deficiencies cannot be cured).

If Plaintiff desires to pursue any of his claims, he is ORDERED to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies discussed below. He is warned that further failure to cure the below-noted defects may result in dismissal of his lawsuit.[1] See Nevijel v. N. Coast Life Ins., 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally [deficient] as the initial complaint"); Mitchell v. Powers, 411 F. App'x 109, 110 (9th Cir. 2011) (affirming dismissal of pro se plaintiff's amended complaint with prejudice for containing "same deficiencies as the original complaint").

## ALLEGATIONS OF THE FAC

The FAC consists of a three-page discussion of the undersigned's previous screening order followed by what is

---

[1] Plaintiff may, of course, choose to stand on his claims as pleaded rather than amend them. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-64 (9th Cir. 2004). But that does not obligate the Court to order his complaint served; rather, the Court may consider an "election not to amend at face value, enter[] a final judgment dismissing all claims with prejudice, and allow[]" Plaintiff to seek immediate appellate review. Id. at 1064.

apparently a verbatim copy of the original Complaint. (<u>Compare</u> Compl. at 4-16, <u>with</u> FAC at 6-19.) Accordingly, the Court does not repeat the Complaint's factual allegations, which it summarized in detail in its December 19 order.

Plaintiff again sues the City of Los Angeles and the Los Angeles Public Library. (FAC at 1, 4, 7-8.) He does not name any individuals as Defendants, although his allegations mention librarian Christy Carr, another librarian, several police officers, and various other people who he contends were involved in some or all of the events giving rise to his lawsuit. (<u>See, e.g.</u>, <u>id.</u> at 4, 15, 17, 18 & Ex. D at 33, 36.) He brings causes of action for false arrest under the Fourth Amendment (FAC at 15),[2] "[f]alse [i]mprisonment" (<u>id.</u> at 16), and "[m]ental [a]nguish" (<u>id.</u> at 16-17). His claims apparently arise only from the June 21, 2018 arrest and detention and not the suspension letter or any later removal from the library premises. (<u>See, e.g.</u>, <u>id.</u> at 10 ("The major aspect of this complaint is the basis behind that librarian's 'Citizen's Arrest [on June 21, 2018].'"); <u>see also, e.g.</u>, <u>id.</u> at 4 (Plaintiff sues because "sitting in a

---

[2] In his three-page preamble to the FAC, Plaintiff repeatedly asserts that he is not bringing any "Civil Rights" claims (FAC at 4) and that he sues only under various state Government Code provisions (<u>id.</u> at 6). But when he lists his actual causes of action, he indicates that his false-arrest claim asserts a "[v]iolation of the Fourth Amendment." (<u>Id.</u> at 15.) Of course, if Plaintiff truly sues only under state law, this Court lacks jurisdiction over his claims. <u>See</u> 28 U.S.C. §§ 1331-32; <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994) (federal courts' jurisdiction limited to that authorized by Constitution and statute). The Court liberally construes Plaintiff's first claim as arising under § 1983. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (pro se filings should be liberally construed).

3

library, sewing a trucker jacket, [and] ruminating at an acceptable level is legal and should not warrant a handcuff laden expulsion").)

He seeks $250,000 in damages and the release of various documents allegedly subject to the Freedom of Information Act, 5 U.S.C. § 552, and certain provisions of the California Public Records Act, Government Code sections 6250-70 and 6275-76.48. (See FAC at 17.)[3]

**STANDARD OF REVIEW**

A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (citation omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008). In considering whether a complaint states a claim, a court must generally accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed civil-rights claim when plaintiff's "conclusory

---

[3] Some of the documents Plaintiff seeks, such as the "G4S Security Contract Information" (FAC at 17), do not appear to be subject to those provisions, however.

4

allegations" did not support it). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

## DISCUSSION

**I. The Court Lacks Subject-Matter Jurisdiction over This Action**

Plaintiff sued Defendants in state court in August 2018 based on his "arrest," "expulsion" from the library, and "fraudulent suspension letter." (See, e.g., FAC at 5; id., Ex. D at 25, 30 & Ex. M.) On October 10, 2018, that court evidently dismissed Plaintiff's lawsuit. (See FAC at 5; id., Ex. N.)[4]

---

[4] The superior court's website still lists it as "[p]ending," however. See Online Servs., Super. Ct. of Cal., Cnty. of L.A., http://www.lacourt.org/casesummary/ui/index.aspx?casetype=civil (search for case number BC716638) (last visited Feb. 7, 2019). Plaintiff does not allege whether he filed or attempted to file any appeal in any state court. A search of the California appellate courts' website yields no evidence that he did. See Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov (searches for "Marvin" with "Lowery" in second district and supreme court) (last visited Feb. 7, 2019).

5

Under the Rooker-Feldman[5] line of cases, "lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States." Mothershed v. Justices of Supreme Ct., 410 F.3d 602, 606 (9th Cir. 2005) (as amended). "To determine whether the Rooker-Feldman bar is applicable, a district court first must determine whether the action contains a forbidden de facto appeal of a state court decision." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Id. (quoting Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003)). If the action contains a de facto appeal, a district court is barred from deciding not only the issues adjudicated by the state court but also any other issues that are "inextricably intertwined" with the state court's decision. Id.; Noel, 341 F.3d at 1157-58; see D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983).

Rooker-Feldman applies even when the challenge to the state court's actions involves federal constitutional issues. Feldman, 460 U.S. at 484-86; Dubinka v. Judges of Super. Ct., 23 F.3d 218, 221 (9th Cir. 1994). "The doctrine does not, however, prohibit a plaintiff from presenting a generally applicable legal challenge to a state statute in federal court, even if that statute has

---

[5] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

previously been applied against him in state court litigation." Mothershed, 410 F.3d at 606. "Although a federal district court does not have jurisdiction to review constitutional challenges to a state court's decision, the court does have jurisdiction over a general constitutional challenge that does not require review of a final state court decision in a particular case." Dubinka, 23 F.3d at 221.

Plaintiff expressly states that the "disposal" of his state-court suit "brought [him] to file this lawsuit in Federal Court on November 15, 2018," after he had also "fil[ed] a complaint about improper conduct" by the superior-court judge who apparently sustained the demurrer and dismissed his case. (FAC at 5; see also id., Exs. N-O.) Even had he not openly admitted that he intends this suit as a de facto appeal of an adverse state judgment, the exhibits attached to the FAC show that Plaintiff's superior-court action sued the same defendants based on the same conduct and that he seeks relief from what was — apparently — an unfavorable outcome there.[6] (See, e.g., id., Exs. D (Plaintiff's series of emails to City Attorney Mike Feuer indicating that state case arose from same conduct as that alleged in FAC), L (meet-and-confer email from deputy city attorney to Plaintiff regarding state case), M (defendant's demurrer in state court quoting state complaint making same allegations as those of FAC), N (superior-court minute order dismissing state case based on demurrer), O (Plaintiff's

---

[6] Plaintiff did not attach a copy of his state-court complaint to the federal one.

7

judicial-misconduct complaint against state-court judge, accusing her of, among other things, "perpetrat[ing]" a "great injustice" against him by sustaining demurrer and thereby "ensur[ing]" that "if someone is sitting in a library," "adjacent to the . . . children's section," "sewing a newly acquired trucker jacket," and "ruminating about present and past experiences," he will be "in strict danger of being arrested and imprisoned for patroning [sic] a public library").)

Thus, the FAC is likely barred by Rooker-Feldman and the Court lacks jurisdiction to entertain it.

**II. The FAC Still Does Not State Any § 1983 Claim**

Even if Plaintiff could overcome the Rooker-Feldman bar, because he realleges the same deficient allegations as in the original Complaint, the FAC fails to state any cognizable civil-rights claim for the reasons stated in the Court's December 19 order.

As the Court previously explained to Plaintiff, his Fourth Amendment theory fails because — as he now evidently concedes (see FAC at 5-6) — probable cause existed to arrest him for violating Penal Code section 602.1(b). Contrary to his assertions (see id. at 4, 5-6), it does not matter that he may have been cited for violating section 602(q), which does not appear to apply to his alleged conduct. See Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004) (offense establishing probable cause for valid arrest need not be same or even "closely related" to offense cited by officer). Nor does it matter that he was "never subsequently charged with an updated crime describing anything Christy Carr or the Officers noted on June 21, 2018." (FAC at

6.)  See Michigan v. DeFillippo, 443 U.S. 31, 36 (1979) ("The validity of the arrest does not depend on whether the suspect actually committed a crime.").  Moreover, because probable cause existed, Plaintiff cannot state a constitutional claim based on his less-than-three-hour detention.  See Manuel v. City of Joliet, 137 S. Ct. 911, 918 (2017) (valid probable-cause determination provides "constitutionally adequate justification" for detention before legal process has begun).

As the Court also previously explained to Plaintiff, he cannot state any municipal-liability claim against the City or its library — the only two named Defendants[7] — because he has not adequately pleaded any constitutional deprivation in the first place.  See City of L.A. v. Heller, 475 U.S. 796, 799 (1986) (no municipal liability under § 1983 absent showing of constitutional injury).  To the extent he intends to make any federal civil-rights claim at all (see supra note 2), that claim still fails.

Because municipal liability for a Fourth Amendment violation evidently remains Plaintiff's only federal-law theory of relief, the Court defers screening of his state-law claims until he has

---

[7] It is not clear that the library is a separately suable entity. See Cal. Gov't Code §§ 945 ("[a] public entity may sue or be sued"), 811.2 ("public entity" defined to include "a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the state"); see also, e.g., Payne v. Cnty. of Calaveras, No. 1:17-cv-00906-DAD-SKO, 2018 WL 6593347, at *2 (E.D. Cal. Dec. 14, 2018) (county jail not separately suable entity under state Government Code provisions; county was proper defendant) (collecting cases); Waters v. Hollywood Tow Serv., No. CV 07-7568 CAS (AJW), 2010 WL 11465238, at *18 (C.D. Cal. July 27, 2010) (city attorney's office not separately suable entity from city under relevant code provisions), accepted by 2010 WL 11465405 (C.D. Cal. Aug. 31, 2010).

adequately pleaded a federal cause of action. See Herman Family Revocable Tr. v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).[8]

**III. Plaintiff's Public-Records Requests Are Still Premature or Not Cognizable Under § 1983**

Plaintiff again seeks "discovery" under FOIA and state public-records statutes. (See FAC at 17-18.) To the extent his request is construed as seeking a discovery order from the Court, that request is again denied as premature. If one of Plaintiff's complaints is ordered served and any Defendant files an answer, the Court may thereafter issue an order allowing discovery to begin.

The Court reiterates that if Plaintiff wishes to make a request under FOIA or the California Public Records Act, he may do so using the procedures described in those statutes and does not need the Court's permission. See generally 5 U.S.C. § 552; Cal. Gov't Code § 6253; see also U.S. Dep't of Justice, FOIA.gov, https://www.foia.gov (providing portal for users to create FOIA request online); Cal. Att'y Gen.'s Off., Summary of the

---

[8] The Court again notes, however, that in bringing a state-law tort claim against a public entity or employee, a plaintiff must plead compliance with the California Tort Claims Act or the claim is subject to dismissal. See State v. Super. Ct. (Bodde), 32 Cal. 4th 1234, 1239, 1245 (2004); Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). This requirement applies in federal court. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). The FAC alleges that Plaintiff "accuse[d]" Defendants "under the California Tort Claims Act" on January 14, 2018. (FAC at 7.) Because that date is five months before the conduct in the FAC supposedly occurred, Plaintiff cannot possibly have satisfied the claims-presentation requirement on that date for the torts alleged in this action. He is again warned that failure to allege compliance with the Tort Claims Act could lead to dismissal of his state-law tort claims.

10

California Public Records Act of 2004 (Aug. 2004), http://ag.ca.gov/publications/summary_public_records_act.pdf.

********************

If Plaintiff desires to pursue his claims, he is ORDERED to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies discussed above. The SAC should bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself, without reference to the original Complaint, FAC, or any other pleading, attachment, or document.

Alternatively, Plaintiff may elect to stand on his claims as pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-64 (9th Cir. 2004); (see also supra note 1). Should he choose that option, he must file a notice with the Court within 28 days of the date of this order clearly indicating as much. He may not attempt to do both by filing a verbatim copy of the Complaint or FAC in the guise of an amended pleading.

Plaintiff is again advised that he may wish to seek help from one of the federal "pro se" clinics in this District. The clinics offer free on-site information and guidance to individuals who are representing themselves (proceeding pro se) in federal civil actions. They are administered by nonprofit law firms, not by the Court. The clinic closest to Plaintiff is located in Suite 170 of the Edward R. Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012. It is open Mondays, Wednesdays, and Fridays, 9:30 a.m. to 12 p.m. and 2 to 4 p.m. Useful information is also available on the clinics' website, http://prose.cacd.uscourts.gov/los-angeles.

**Plaintiff is warned that if he fails to timely file a sufficient SAC, the Court may dismiss this action on the grounds set forth above or for failure to comply with court orders or to diligently prosecute.**[9]

DATED: February 7, 2019

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[9] If Plaintiff believes this order erroneously disposes of any of his claims, he may file objections with the district judge within 20 days of the date of the order. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015) ("When a magistrate judge believes she is issuing a nondispositive order, she may warn the litigants that, if they disagree and think the matter dispositive, they have the right to file an objection to that determination with the district judge.").