# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN LOUIS LOWERY,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES et al.,<br><br>        Defendants. | ) Case No. CV 18-9644-R (JPR)<br>)<br>)<br>) ORDER DISMISSING ACTION FOR<br>) FAILURE TO PROSECUTE<br>)<br>)<br>)<br>)<br>) |

On November 15, 2018, Plaintiff filed this civil-rights action pro se. The Magistrate Judge twice dismissed the complaint with leave to amend, and Plaintiff filed an amended complaint each time. On April 8, 2019, the Magistrate Judge issued a Report and Recommendation, recommending that the lawsuit be dismissed for failure to state a claim. That R. & R. was returned to the Court as undeliverable, however, along with two other pieces of mail sent to Plaintiff. Each time the returned envelope stated that Petitioner was no longer at the address and that the post office was "unable to forward." Plaintiff has not filed a change of address with the Court, nor has he communicated with it in any way since the beginning of March.

Local Rule 41-6 provides that

    [a] party proceeding <u>pro se</u> shall keep the Court . . .

1

> apprised of such party's current address .... If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to dismiss a lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors

2

militate in favor of dismissal.  In particular, by failing to inform the Court of his address change, Plaintiff has rendered it unable to communicate with him.  He has not rebutted the presumption of prejudice to Defendants, and no less drastic sanction is available.  <u>See</u> <u>Scott v. Belmares</u>, 328 F. App'x 538, 539 (9th Cir. 2009) (affirming dismissal of civil-rights lawsuit in part because pro se plaintiff failed to keep court apprised of change of address under Local Rule 41-6).  Although the fourth <u>Carey</u> factor weighs against dismissal – as it does in every case – together the other factors outweigh the public's interest in disposing of the case on its merits.  And because the Magistrate Judge had already issued an R. & R. recommending that the case be dismissed on its merits, dismissal should be with prejudice.

It therefore is ORDERED that this action is dismissed with prejudice under the Court's inherent power to achieve the orderly and expeditious disposition of cases and because by moving without notifying the Court Plaintiff has failed to prosecute his lawsuit.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 10, 2019_____ _____

_____
MANUEL REAL
U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge